01
02
03
04
05
06

07                        UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
08                                    AT SEATTLE

09  ARMANDO ALMENDAREZ, et al.,        )
                                       )   CASE NO. C13-0086-MAT
10         Plaintiff,                  )
                                       )
11         v.                          )
                                       )   ORDER RE: PENDING MOTIONS
12  BNSF RAILWAY COMPANY,              )
                                       )
13         Defendants.                 )
                                       )

15                          INTRODUCTION AND DISCUSSION

16      Defendant BNSF Railway Company (BNSF) filed a motion to extend deadlines to file

17  discovery-related motions (Dkt. 29), and a motion for a protective order and motion for stay of

18  corporate deposition pending ruling on the motion for a protective order (Dkt. 33).   Plaintiffs

19  Almendarez, Crosby, Drecksel, Gillings, Geiss, King, Leonard, Reaser, and Winfrey ("Nine

20  Plaintiffs") oppose the motions.  (Dkts. 31 & 39.)  Now, having considered the motions,

21  oppositions, and remainder of the record, the Court finds and concludes that BNSF's motion to

22  extend deadlines should be GRANTED, its motion for a protective order DENIED, and its

ORDER RE:
PENDING MOTIONS
PAGE -1

motion for a stay of corporate deposition pending a ruling STRICKEN as moot.

A.      Motion to Extend Deadlines

On November 18, 2013, BNSF filed a motion to extend the deadline for the filing of discovery-related motions set to expire on that same date. (Dkt. 29.) The motion was filed after BNSF received, on the preceding Friday, November 15, 2013, a Notice of FRCP 30(b)(6) Corporate Deposition of Defendant BNSF ("30(b)(6) Notice"), and after counsel for Nine Plaintiffs refused a request to stipulate to an extension of the discovery motion deadline. Considering these circumstances, the Court finds the request for a brief extension reasonable. Accordingly, the motion to extend deadlines (Dkt. 29) is GRANTED. As requested, the Court herein extends the deadline to file a motion for a protective order regarding the 30(b)(6) Notice through November 27, 2013.

B.      Motion for Protective Order and Motion to Stay Corporate Deposition

Plaintiffs seek, in this matter, damages and other relief under the whistleblower provision of the Federal Rail Safety Act ("FRSA"), 49 U.S.C. § 20109, alleging "retaliation in the form of threats, intimidation, and other discriminatory and illegal acts by Defendant, on January 14, 2010, and continuing in numerous ways through the present." (Dkt. 1 at 2.) Plaintiffs are comprised of railworkers who build and maintain track and structures and were, at the time relevant to this suit, working as part of a "track construction gang" under the supervision of BNSF Roadmaster Kasie Holle in Washington State. (*Id*. at 3.) Plaintiffs allege that, on January 14, 2010, "Holle issued a threat to the gang that if any member were to report an injury, the entire gang would be abolished, regardless of any other circumstances." (*Id*.) Plaintiffs aver that BNSF "often attempts to justify discipline of employees reporting

ORDER RE:
PENDING MOTIONS
PAGE -2

injuries by a theory that some rule violation in the occurrence justifies same[,]" that Holle and her supervisors attributed to their construction gang an excessive number of injuries, and that, by virtue of Holle's threat, plaintiffs were placed in the position of being required under FRSA and BNSF's own rules and policies to report every injury and to face punishment as a result of that reporting. (*Id*. at 3-5.)

In the 30(b)(6) Notice giving rise to the instant motion, plaintiffs requested a witness to testify on the following topics: (1) policies and procedures regarding reporting of on-the job injuries; (2) compliance with injury reporting regulations and requirements; (3) use of injury data in performance bonuses; (4) practices of assigning "points" to employees who report injuries and including such employees in "review" programs; (5) practices and procedures for investigating and determining cause of injuries; (6) supervisor training in preventing injuries; (7) remedial efforts following injury and accident reports; (8) training and communication to employees regarding compliance with FRSA and BNSF's Internal Control Plan; (9) policies and practices for assignment of work groups for specific projects; (10) role of medical and claims departments in assessing reports of injuries and medical treatment; and (11) financial obligations of BNSF resulting from injuries. (Dkt. 34, Ex. A.)

Counsel for defendants, by letter dated November 18, 2013, raised objections to plaintiffs' counsel regarding the notice. (*Id*., Ex. I.) The parties conducted a discovery conference and, on November 25, 2013, counsel for plaintiffs submitted an amended notice ("Amended 30(b)(6) Notice"). (*Id*., Ex. L.) The Amended 30(b)(6) Notice limits the time frames for responses to all eleven requests, and adds a geographic limitation to Washington State for three requests. (*Id*.) BNSF's objections to the notice remained and the date on

ORDER RE:
PENDING MOTIONS
PAGE -3

which the 30(b)(6) deposition was scheduled to occur – December 6, 2013 – passed without the production of a corporate designee.

The Court now considers BNSF's motion for a protective order and for stay of corporate deposition pending a ruling on the motion for a protective order, timely filed on November 27, 2013. (Dkt. 33.) BNSF argues the Amended 30(b)(6) Notice is, like the original, overly broad, unduly burdensome, and seeks testimony beyond the scope of discoverable information. In arguing the irrelevance of the information sought, BNSF describes this case as limited to "whether words spoken at a single meeting constituted a threat in violation of federal law where no injury occurred, no discipline was issued, and no monetary loss was incurred." (Dkt. 33 at 11.) It notes the topics are listed without limitations as to craft, union, or department, and argues the deposition would require multiple witnesses and a substantial outlay of resources to identify and prepare those witnesses. BNSF maintains plaintiffs have had ample opportunity to obtain relevant information from Ms. Holle and other witnesses, and note they have offered alternatives for seeking information by way of written discovery, a deposition of Ms. Holle's regional supervisor, Mike Theret, and a proposed stipulation to extend discovery.

BNSF requests a protective order striking the Amended 30(b)(6) Notice or, alternatively, limiting the scope to "reasonable and proportional topics of inquiry." (Dkt. 33 at 3 and Dkt. 41.) It requests the deposition be limited to a total of seven hours and take place in Forth Worth, Texas, its principle place of business, and that plaintiffs be required to pay its fees and costs incurred in having to bring their motion.

Nine Plaintiffs assert the relevance of the topics set forth in the Amended 30(b)(6) Notice, including, for example, training and communication to employees regarding

compliance with the provision of FRSA at issue in this lawsuit, and otherwise bearing on motive and company practices relevant to the issue of injuries, injury reporting, compliance with the law, and the threat by Ms. Holle.  They deny the undue burden alleged by BNSF, noting they have no objection to conducting the deposition in Forth Worth, and maintain they will be prejudiced if denied the opportunity to obtain this relevant discovery.

Nine Plaintiffs request that BNSF be required to comply with the Amended 30(b)(6) Notice and object to the request for fees.   Alternatively, they request that BNSF be required to engage in reasonable and good faith efforts to alter the scope of the Amended 30(b)(6) Notice, and permit an extension of the December 9, 2013 discovery deadline for the limited purpose of completing the 30(b)(6) deposition.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]"  Fed. R. Civ. P. 26(b)(1).  On the other hand, the Court may, upon a showing of good cause, issue a protective order to protect a party "from annoyance, embarrassment, oppression, or undue burden or expense[.]"  Fed. R. Civ. P. 26(c)(1).

In this case, BNSF fails to set forth good cause for a protective order.  The Court is not persuaded the Amended 30(b)(6) Notice is, as a general matter, overly broad, unduly burdensome, or that it necessarily seeks testimony beyond the scope of discoverable information.  Instead, the Court finds relevance largely established and the alleged burdens on BNSF overstated.  As such, the Court herein DENIES BNSF's motion for a protective order, rejects its request for an award of fees, and STRIKES as moot its motion for stay of corporate deposition pending ruling on the motion for a protective order.  (Dkt. 33.)

The Court, at the same time, recognizes that further limitations on the scope of one or

more topics identified in the Amended 30(b)(6) Notice may well be appropriate. However, the Court declines to delve into each and every topic in order to reach a conclusion as to proper scope and any privileges that may or may not apply. The Court, as such, directs the parties to promptly confer in good faith in order to determine appropriate limitations on the topics set forth in the Amended 30(b)(6) Notice and to set a date for the deposition to occur no later than **January 8, 2013**. The Court further finds reasonable defendants request for a seven-hour limitation and the location of the deposition in Forth Worth.

## CONCLUSION

For the reasons set forth above, BNSF's motion for an extension of time (Dkt. 29) is GRANTED, and its motion for a protective order (Dkt. 33) is DENIED. The motion for a stay of corporate deposition pending a ruling on the motion for a protective order (Dkt. 33) is STRICKEN as moot. The discovery deadline in this matter is extended to **January 8, 2014** for the discrete purpose of conducting the corporate deposition of BNSF, and the dispositive motion deadline is, accordingly, extended to **January 24, 2014.** The Clerk shall send a copy of this Order to the parties.

DATED this 18th day of December, 2013.

_/s/ Mary Alice Theiler_
Mary Alice Theiler
Chief United States Magistrate Judge

ORDER RE:
PENDING MOTIONS
PAGE -6