01

02

03

04

05

06

07                                    UNITED STATES DISTRICT COURT
                                      WESTERN DISTRICT OF WASHINGTON
08                                           AT SEATTLE

09   ARMANDO ALMENDAREZ, et al.,            )
                                            )     CASE NO. C13-0086-MAT
10            Plaintiffs,                    )
                                            )
11       v.                                 )
                                            )     ORDER RE:   PENDING MOTIONS
12   BNSF RAILWAY COMPANY,                   )
                                            )
13            Defendants.                    )
     _____ )

14

15                              INTRODUCTION AND DISCUSSION

16            There are several motions pending before the Court, including defendant BNSF

17   Railway Company's (BNSF) Motion to Bifurcate (Dkt. 68) and Motion in Limine (Dkt. 74),

18   and plaintiffs' Motion in Limine (Dkt. 76).   Now, having considered those motions, and the

19   documents submitted in support and in opposition, the Court hereby finds and ORDERS:

20   A.       Motion to Bifurcate

21            BNSF moves to bifurcate the trial on the issues of liability and compensatory damages

22   from the issue of punitive damages.   However, the Court concludes bifurcation would not be

ORDER RE:
PENDING MOTIONS
PAGE -1

01  appropriate in this case.   Accordingly, BNSF's Motion to Bifurcate (Dkt. 68) is DENIED.

02  B.     Plaintiffs' Motion in Limine

03         1.     Motive or intent of Kasie Holle:

04         Plaintiffs' request to exclude testimony, argument, or other evidence of the motive

05  and/or intent of Kasie Holle is DENIED.   The Court finds this evidence relevant, *see* Fed. R.

06  Evid. 401, 402, and an absence of prejudice established, *see* Fed. R. Evid. 403.

07         2.     Attorney's Fees:

08         Plaintiffs' request to exclude testimony, argument, or evidence regarding a potential

09  claim for attorney's fees is GRANTED.   A determination as to reasonable attorney's fees to

10  which plaintiffs may be entitled will be made by the Court.   The Court EXCLUDES testimony,

11  argument, or evidence regarding a potential claim for attorney's fees based on the risk of unfair

12  prejudice posed to plaintiffs, *see* Fed. R. Evid. 403.

13  C.     BNSF's Motion in Limine

14         1.     Evidence of accord between BNSF and OSHA:

15         BNSF's request to exclude evidence of a January 2013 accord between BNSF and

16  OSHA ("OSHA Accord") is GRANTED.   The OSHA Accord is EXCLUDED as an

17  inadmissible settlement document, Fed. R. Evid. 408, and as unfairly prejudicial to BNSF, Fed.

18  R. Evid. 403.

19         2.     Evidence and argument regarding unrelated cases of alleged retaliation:

20         BNSF's request to preclude plaintiffs from presenting evidence and argument

21  concerning unrelated cases of alleged retaliation against other employees is GRANTED, and

22  such evidence and argument EXCLUDED except as discussed below.   *See* Fed. R. Evid. 401,

ORDER RE:
PENDING MOTIONS
PAGE -2

01  402, 403, 602, 802.   The Court reserves a ruling as to the admissibility of testimony, evidence,

02  and argument regarding unrelated cases of alleged retaliation involving a plaintiff and/or Kasie

03  Holle.   Should the parties anticipate the introduction of such testimony, evidence, or argument,

04  they should advise the Court in advance to allow for a ruling.

05          3.      Second-hand information about unreported injuries:

06          BNSF's request to preclude testimony of second-hand information about unreported

07  injuries is GRANTED, and such testimony EXCLUDED except as discussed below.   *See* Fed.

08  R. Evid. 401, 402, 403, 602, 802.   The Court reserves a ruling to the extent testimony of

09  second-hand information about unreported injuries can be said to involve a plaintiff and/or

10  Holle.   The parties should advise the Court in advance if they anticipate such testimony.

11          4.      Other claims or lawsuits against BNSF:

12          BNSF's request to exclude testimony or evidence regarding other claims or lawsuits

13  against BNSF is GRANTED, and such testimony EXCLUDED except as discussed below.

14  *See* Fed. R. Evid. 401, 402, 403, 602, 802.   The Court reserves a ruling to the extent testimony

15  regarding other claims or lawsuits against BNSF can be said to involve a plaintiff and/or Holle.

16  The parties should advise the Court in advance if they anticipate such testimony or evidence.

17          5.      Congressional intent or purpose behind FRSA:

18          BNSF's request to preclude plaintiffs from offering evidence or argument concerning

19  the legislative history behind the Federal Rail Safety Act (FRSA) is GRANTED, and such

20  evidence or argument EXCLUDED.   The Court will instruct the jury on the relevant law.

21          6.      BNSF's PPI index and ERP safety program:

22          BNSF seeks to preclude any evidence or argument regarding its Personal Performance

ORDER RE:
PENDING MOTIONS
PAGE -3

01   Index (PPI) and Employee Review Process (ERP) as it existed in 2009 and 2010.   However,

02   the Court finds this evidence relevant, *see* Fed. R. Evid. 401, 402, and no basis for exclusion

03   demonstrated under Federal Rule of Evidence 403.   Accordingly, BNSF's request to exclude

04   evidence or argument regarding its PPI index and ERP safety program is DENIED.

05          7.      Evidence or argument concerning employee remedies available prior to FRSA:

06          BNSF's request to preclude evidence or argument concerning employee remedies

07   available prior to FRSA is GRANTED, and such evidence EXCLUDED.   *See* Fed. R. Evid.

08   401, 402, 403.   The Court finds this evidence irrelevant and posing unfair prejudice to BNSF.

09          8.      Settlement between any individual plaintiff and defendant:

10          BNSF's request to preclude evidence or argument of any settlement between any one

11   plaintiff and BNSF is GRANTED, and such evidence or argument EXCLUDED pursuant to

12   Federal Rule of Evidence 408.

13   D.     Other Evidence Discussed at Pre-Trial Conference

14          1.      Wage loss evidence:

15          Testimony or other evidence as to wage loss associated with participation in this lawsuit

16   is EXCLUDED as irrelevant.   *See* Fed. R. Evid. 401, 402.   *See also* 49 U.S.C. § 20109(e)(2)

17   (listing damages available in FRSA suit as including, *inter alia*, backpay and compensatory

18   damages, with the latter including special damages sustained as a result of discrimination,

19   including litigation costs, expert witness fees, and reasonable attorney fees).

20          2.      Incentive Compensation Plan:

21          As with the PPI index and ERP safety program, the Court finds evidence regarding

22   BNSF's Incentive Compensation Plan relevant, *see* Fed. R. Evid. 401, 402, and no basis for

ORDER RE:
PENDING MOTIONS
PAGE -4

01 exclusion demonstrated under Federal Rule of Evidence 403.

02      3.      <u>Witnesses who began employment on construction gang after January 14, 2010</u>:

03      The parties discussed the possibility of testimony from witnesses who began

04 employment on the construction gang with plaintiffs after the January 14, 2010 meeting at issue

05 in this case.   To the extent such witnesses present evidence consistent with Federal Rule of

06 Evidence 613(b), such testimony may be admissible.   Further ruling is DEFERRED until the

07 presentation of the testimony.

08                                  <u>CONCLUSION</u>

09      BNSF's motion to bifurcate (Dkt. 68) is DENIED, and the motions in limine (Dkts. 74

10 & 76) are GRANTED in part and DENIED in part as outlined above.   The parties are also

11 advised to comply with the above rulings as to other evidence discussed at the pre-trial

12 conference.   The parties are further directed to file amended witness and exhibit lists by the

13 close of court business on Friday, April 4, 2014.

14      DATED this <u>2nd</u> day of April, 2014.

15

16      _____
        Mary Alice Theiler
17      Chief United States Magistrate Judge

18

19

20

21

22

ORDER RE:
PENDING MOTIONS
PAGE -5